*Wood K*
*Part 1*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FASHION GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNNY'S SIGNATURE, INC., JOHNNY'S | ) |
| SIGNATURE INT'L, INC., DEEPAK SAJNANI, | ) |
| BILCO IMPORT & EXPORT, INC., BILCO | ) |
| INDUSTRIES, INC., BURTON CHEN (a/k/a Billy | ) |
| Chen, a/k/a William Chen, a/k/a Zhiquan Chen), | ) |
| JERRY LAU and DOUBLE TOP | ) |
| INTERNATIONAL, INC. | ) |
| | ) |
| Defendants. | ) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/18

Case No. 1:18-cv-02959 (PGG)

ORDER TO
SHOW CAUSE

Upon reading the Affidavit of Josh Gelder, the Affirmation of Jonathan J. Faust and the exhibits annexed thereto (which includes the Complaint, with exhibits), and Plaintiff's accompanying Memorandum of Law, it is hereby:

**ORDERED** that Defendants Johnny's Signature, Inc., Johnny's Signature Int'l., Inc., Deepak Sajnani, Bilco Import & Export, Inc., Bilco Industries, Inc., Burton Chen (a/k/a Billy Chen, a/k/a William Chen, a/k/a Zhiquan Chen), Jerry Lau and Double Top International, Inc. show cause before the Honorable *Paul Gardephin* Courtroom **705** of the United States District Court, *40 Foley Square,* ~~500 Pearl Street~~, New York, New York on April **16**, 2018 at **11** o'clock in the A.M./P.M., or as soon thereafter as counsel may be heard, why a preliminary injunction should not be issued, pursuant to Federal Rule of Civil Procedure 65, pending the final judgment in the above-captioned litigation:

(i) enjoining Defendants, individually and collectively, from importing, advertising, promoting, selling or otherwise commercializing garments and materials that incorrectly state, misidentify and/or are mislabeled as to their constituent fabric and/or textile fiber content;

(ii) directing Defendants, individually and collectively, to institute appropriate testing protocols to ensure that Defendants do not import, advertise, promote, sell or otherwise commercialize goods that incorrectly state, misidentify and/or are mislabeled as to their constituent fabric and/or textile fiber content; and

(iii) directing Defendants individually and collectively, to preserve and maintain any Defendants' remaining inventory of, and records regarding, sweaters, cardigans and related garments in such Defendant's possession custody or control which are labeled as consisting of a blend of 78% rayon fibers and 22% nylon fibers pending further testing and analysis by Plaintiff.

**IT IS FURTHER ORDERED** that, pending the hearing and determination of Plaintiff's instant application, Defendants are hereby:

(i) temporarily enjoined and restrained, individually and collectively, from importing, advertising, promoting, selling or otherwise commercializing garments and materials that incorrectly state, misidentify and/or are mislabeled as to their constituent fabric and/or textile fiber content;

(ii) directed, individually and collectively, to preserve and maintain any Defendants' remaining inventory of sweaters and cardigans in such Defendant's possession custody or control which are labeled as consisting of a blend of 78% rayon fibers and 22% nylon fibers pending further testing and analysis by Plaintiff; and

(iv) directed, individually and collectively, to identify the location and amount of any Defendants' remaining inventory of, and records regarding, sweaters, cardigans and related garments

in such Defendant's possession custody or control which are labeled as consisting of a blend of 78% rayon fibers and 22% nylon fibers.

**ORDERED** that the bond requirement be waived; and it is further

**ORDERED** that service of a copy of this Order, together with the papers upon which it is granted, be made upon Defendants on or before 5:00 p.m., _April 9_ , 2018, with service on the address listed with the Secretary of State being sufficient for any Defendant whose address is not otherwise known to Plaintiff; and it is further

**ORDERED** that all answering papers, if any, shall be served by overnight mail so as to be received no later than _April 11, 2018_ ; and reply papers, if any, shall be served by overnight mail so as to be received no later than _April 12, 2018._

Movant shall post $1,500.00 in security.

_Kimba M. Wood_
**U.S.D.J.**
Judge Kimba Wood,
Part 1