LAZARUS & LAZARUS, P.C.

COUNSELLORS AT LAW

240 MADISON AVENUE 8TH FL.
NEW YORK, N.Y. 10016

TEL: 212-889-7400
FAX: 212-684-0314

February 11, 2019

*Via ECF and FACSIMILE:*
Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 705
New York, New York 10007

*Re:* **Fashion Group, LLC and Fungyun, Inc. v. Johnny's Signature, Inc., et al.**
**Case No.: 1:18-cv-02959 (PGG)**

Honorable Sir:

This firm is counsel for Defendants Johnny Signature, Inc., Johnny's Signature Int'l, Inc., Deepak Sanjani, Jerry Lau and Double Top International, Inc. (the "Defendants") in the above captioned action (the "Action"). I am writing this letter on behalf of the Defendants to reply to the letter sent by Plaintiffs' counsel on February 4, 2019, which submitted proposed interrogatories to the Court for review and approval.

According to Local Civil Rule 33.3, interrogatories are to be restricted to those seeking (a) names of witnesses with knowledge of information relevant to the subject matter of the action, (b) the computation of each category of damage alleged, and (3) the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature. Local Civil Rule 33.3 further sets forth the following:

> During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) *if they are a more practical method of obtaining the information sought than a request for production or a deposition*, or (2) if ordered by the court."

Courts interpreting Rule 33.3 recognize that a party cannot expand the scope of permissible interrogatories by using the language of the Rule as a set of buzzwords to justify requests for additional information. *See Reed v. Friedman Mgmt. Corp.*, No. 11-cv-7547, 2015

U.S. Dist. LEXIS 111822, at *17-18 (S.D.N.Y. Aug. 24, 2015); Nunez v. City of New York, No. 11-cv-5845, 2013 U.S. Dist. LEXIS 70812, at *27-28 (S.D.N.Y. May 17, 2013) (denying a motion to compel answers to interrogatories asking plaintiffs to itemize their injuries and treatment because such interrogatories are "presumptively excluded by Local Civil Rule 33.3, and the defendants acknowledge that they will have to review the medical records and depose the plaintiffs in any event").

Thus, in Reed, the court held that interrogatories tying requests for information about specific allegations in the amended complaint to "computations of damages" relating to those allegations were not within the narrow scope of interrogatories permitted under Rule 33.3(a). 2015 U.S. Dist. LEXIS 111822 at *17-18. A similar result was reached in *Kunstler v. City of New York*, No. 04-cv-1145, 2006 U.S. Dist. LEXIS 61747 *17-18 (S.D.N.Y. Aug. 29, 2006), obj. overruled by 242 F.R.D. 261 (S.D.N.Y. 2007) where defendants served an interrogatory requesting that the plaintiffs not only identify their medical providers who might serve as witnesses but also provide an *itemized list describing their injuries*, the treatment they received for each injury, *the date* on which they received treatment, *and the names* of any prescribed medication. *Id.* (emphasis added). The court held that with the exception of the request for the identification of certain parties, these interrogatories significantly exceeded the scope of what can be considered permissible. *Id.*

Here, in addition to the interrogatories already answered by the Defendants,[1] Plaintiffs are now seeking responses to nine additional interrogatories, each of which contains as many as nine sub-interrogatories. The specific information requested in these interrogatories includes, but is not limited to the following: identifying the purchase orders and invoices for all sales of the disputed garments[2], the enjoined inventory[3], a breakdown of the type, style and units of disputed garments returned after the date of the consent order[4], whether the enjoined inventory was only a portion of an order[5], a breakdown of various forms of identification[6] for all fabric suppliers of disputed garments since January 1, 2015, all factories involved in the manufacture of disputed garments since January 1, 2015[7], all gross revenues and gross profits from sales disputed garments and a breakdown of those sales by every year from 2014 through 2018.

These interrogatories requests information that was previously produced by Defendants,

---

[1] Defendants have responded to twenty-two individual interrogatories served by the Plaintiffs on November 19, 2018.

[2] If that is not available, Plaintiffs want answers to nine sub-categories of information for each potential order: dates, quantity of goods, purchaser of the goods, unit sales prices, gross revenues received, costs of goods sold, profits derived therefrom, supplier and manufacturing information.

[3] If that is not available, Plaintiffs want answers to nine sub-categories of information for each potential invoice: want dates, quantity of goods, purchaser of the goods, unit sales prices, gross revenues received, costs of goods sold, profits derived therefrom, supplier and manufacturing information.

[4] Which may include as many as 1,000,000 units of inventory.

[5] Which would require hundreds of hours of review to answer.

[6] i.e. the name and location of the fabric supplier, the date of any fabric order from that supplier, the lot, model and or shipment for which the fabric was used, the cost of the fabric broken down by unit or yard and all representations made to or by the suppliers concerning the fabric blend.

[7] Including but not limited to the name and location of the factory, the date, lot number and shipment date of any order, and all representations made to or by the factory regarding the disputed garments fiber blend.

are excessive, irrelevant,[8] unduly burdensome, beyond the scope of Rule 33.3, and precisely the type of interrogatories that Rule 33.3 seeks to prevent. Defendants have already met their burden under Local Civil Rule 33.3 by providing the necessary information sought in the interrogatories by way of Defendants production of 25,838 pages of documents (the "Documents") provided in response to Plaintiffs already extensive requests for production.[9] For example, Defendants have already provided a breakdown of sales, profits and revenues from 2015 through the present, all invoices and purchase orders associated with Defendants' sales and the identities and invoices issued by Defendants factories and suppliers. Defendants should not be obligated to collect further specified information and deliver it with a bow on top to the Plaintiffs. Plaintiffs sought to litigate this Action and Defendants are in no way obligated to do the work that Plaintiffs have sought to undergo. If additional specific answers are necessary, they can be determined at depositions. In the event this information cannot be determined at deposition, Plaintiffs should then seek resolution from the Court. Accordingly, Plaintiffs request should be denied.

Respectfully submitted,
LAZARUS & LAZARUS, P.C.

By: _____
Jonathan Roffe, Esq.
Attorneys for Defendants, Johnny's
Signature, Inc., Johnny's signature, Int'l,
Inc., Deepak Sajnani, Jerry Lau and Double
Top International, Inc.

JR.qm
Cc: Wilson Keadjian Browndorf, LLP
*Attorneys for Plaintiffs*
Attn: Jonathan J. Faust, Esq.

KORNFELD & ASSOCIATES, P.C.
Attn: Randy Kornfeld, Esq.

---

[8] Plaintiffs repeatedly make requests for information dating back to 2015 despite the fact it has provided no basis for making such a request.

[9] All issues concerning the designation of documents labeled "Attorneys Eyes Only" has also been resolved as now only 526 of the 26,000 Documents produced by Defendants have been marked "Attorneys Eyes Only". Each of these 526 documents identifies one of the following: Defendants' confidential (1) trade secrets, (2) financial information and (3) tax information. Therefore, Plaintiffs' accusation that it is prevented from benefitting from the input and advice of Plaintiffs concerning the Documents is wholly without merit.