```
1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2

3   ------------------------------------X
                                        :
4   FASHION GROUP, LLC, et al.,         :
                                        :  18-CV-02959 (PGG)
5                  Plaintiffs,          :
                                        :
6             v.                        :  500 Pearl Street
                                        :  New York, New York
7   JOHNNY'S SIGNATURE, INC., et al.,   :
                                        :  October 28, 2019
8                  Defendant.           :
    ------------------------------------X
9
        TRANSCRIPT OF CIVIL CAUSE FOR SETTLEMENT CONFERENCE
10             BEFORE THE HONORABLE BARBARA C. MOSES
                  UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:        JONATHAN FAUST, ESQ.
13                            1411 Broadway
                              New York, New York 10018
14

15  For the Defendants:       HARLAN LAZARUS, ESQ.
                              Lazarus & Lazarus
16                            240 Madison Avenue
                              New York, New York 10016
17
                              RANDY KORNFELD, ESQ.
18                            Kornfeld & Associates
                              570 Lexington Avenue
19                            New York, New York 10022

20

21
    Court Transcriber:        SHARI RIEMER, CET-805
22                            TypeWrite Word Processing Service
                              211 N. Milton Road
23                            Saratoga Springs, New York 12866

24

25



    Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.
```

1  THE CLERK:  <u>Fashion Group LLC v. Johnny's Signature,</u>
2  <u>Inc., et al.,</u> Docket No. 18-CV-2959.
3           Counsel and parties, state your appearance for the
4  record.
5           MR. FAUST:  John Faust for all plaintiffs, Fashion
6  Group, Fungyun and NYC Alliance, Your Honor.  Good afternoon.
7           THE COURT:  And introduce now that we're on the
8  record, please, your client.
9           MR. FAUST:  My client is Josh Gelder who is the COO
10 of various plaintiff entities and executive officer of each
11 entity.
12          THE COURT:  Thank you.  Welcome back.  Be seated.
13 Who's next?
14          MR. LAZARUS:  Good afternoon, Your Honor.  Harlan
15 Lazarus for Johnny's Signature, Inc., Johnny's Signature
16 International, Inc., Deepak Sajnani, Jerry Lau and Double Top
17 International, Inc.  Mr. Sajnani who is seating to the
18 right --
19          THE COURT:  My left, your right.
20          MR. LAZARUS:  Your left, yes.  Is here for himself
21 and the Johnny corporate defendants and Mr. Lau who is seated
22 to your right is here for himself and for Double Top.
23          THE COURT:  Thank you very much.
24          MR. KORNFELD:  Good afternoon, Your Honor.  Randy
25 Kornfeld for Bilco Import and Export, Inc., Bilco Industries,

1  Inc. and Burton Chen, also known as Billy Chen.  Billy Chen --
2              THE COURT:  And Mr. Chen is with you?
3              MR. KORNFELD:  Yes, he is, Your Honor.
4              THE COURT:  Welcome back all of you.  Counsel, be
5  seated.  As you know, we are now on the record here making an
6  electronic recording for the purpose of memorializing the
7  material terms of a settlement agreement that the parties tell
8  me they have now reached after a series of negotiations
9  culminating with negotiations here in the Monighan Courthouse
10 over the course of this afternoon.
11             So what I would do is I will ask plaintiff's
12 counsel, Mr. Faust, to state the material terms of the
13 agreement.  I will then ask the other attorneys if they concur
14 that Mr. Faust has accurately stated the material terms.  Once
15 we get agreement on what the material terms are I will ask
16 each of the parties in turn both on their individual behalfs
17 to the extent that they are individual plaintiffs or
18 defendants and on behalf of the entities for which they have
19 authority whether they understand the terms, whether they
20 agree to settle the terms, and I will ask -- settle on these
21 terms I should say, and as I explained to counsel before we
22 went on the record I will ask each of the client
23 representatives here to confirm your understanding that
24 although the lawyers have not yet reduced the settlement
25 agreement to a formal written document you are entering into,

4

1  you will be entering into a binding and enforceable contract
2  subject to its terms here this afternoon.
3         So with that introduce, Mr. Faust.
4         MR. FAUST:  Thank you and good afternoon, Your
5  Honor.  Before I get into the material terms I would like to
6  thank Your Honor for your patience and repeated indulgence of
7  the parties and this process and the opportunity to come in I
8  think was very helpful in getting us to where we are right
9  now.
10        I will endeavor to set forth the material terms and
11 counsel can certainly point where I err.
12        First, for a period of one year no defendant will
13 directly or indirectly own an interest in a company doing
14 business in the sweater portion of the apparel industry.
15 Plaintiffs will get an exclusive right to sell the
16 approximately 734,809 units of goods identified in the
17 attachment to the October 22, 2019 email from Attorney Lazarus
18 to myself provided, however, the defendants and their factor
19 also have the right to try and sell the goods.
20        Plaintiff will earn a commission on the sales
21 pursuant to agreed -- an agreed commission schedule which I
22 will lay out in a moment.  Plaintiffs will get the commission
23 whether they sell the goods or whether the defendant or the
24 factor sells the goods.
25        The October 22, 2019 attachment from Attorney

1  Lazarus included LDP pricing for the goods and the commission
2  schedule --
3           THE COURT:  LDP for us laymen is landed duty price;
4  correct?
5           MR. FAUST:  That is correct, Your Honor.
6           THE COURT:  Thank you.
7           MR. FAUST:  The commission is if the good are sold
8  at LDP or better.  It's a 20 percent commission.  If the sale
9  price is at 75 to 99 percent of LDP it's a 15 percent
10 commission.  If the sale price is 50 to 74 percent of LDP it's
11 a ten percent commission if the plaintiffs sell the goods but
12 a five percent commission if the defendants or their factor
13 sells the goods.  And there's a five percent commission on any
14 price below 50 percent.  Defendants have the right --
15          THE COURT:  Below 50 percent of the LDP?
16          MR. FAUST:  The LDP yes, Your Honor.
17          THE COURT:  Thank you.
18          MR. FAUST:  And the defendants have the right to
19 approve the sale, for any sale where the price is 74 percent
20 or lower.  74 percent of LDP or lower.
21          The plaintiffs are not taking possession, custody or
22 control of the goods in any way.  All that remains with the
23 defendants who will warehouse and distribute the goods
24 pursuant to any sale.  The defendants will provide all
25 necessary releases and waivers to enable the sale.

1     These terms are subject to the defendant's factor's
2  approval.  The agreement is to last until January --
3     THE COURT:  And the defendant's factor is -- give me
4  the name again.  BHA, which stands for --
5     MALE VOICE:  Bank [inaudible] International.
6     THE COURT:  That's an Israeli bank; right?
7     MR. LAZARUS:  Yes, it is, Your Honor.
8     THE COURT:  Thank you.
9     MR. FAUST:  So the agreement will last until January
10 31st provided, however, if the -- if the defendant's factor
11 does not foreclose on the inventory that's subject to this
12 agreement by that date the parties will negotiate in good
13 faith for an extension of the agreement for a term --
14 commercially reasonable amount of time for plaintiffs to
15 endeavor to sell the goods.
16     The other terms will be memorialized in writing as
17 well.  They include a mutual non disparagement and mutual
18 general releases.
19     THE COURT:  But no confidentiality clause; correct?
20     MR. FAUST:  That is correct, Your Honor.
21     THE COURT:  The case will be dismissed by
22 stipulation once the formal written documents have been fully
23 executed and the factor's consent obtained?
24     MR. FAUST:  That is correct, Your Honor.
25     THE COURT:  Thank you, Mr. Faust.  Let me turn to

1  Mr. Lazarus.  Anything to add or clarify to that list of
2  material terms?
3           MR. LAZARUS:  Just a clarification, Your Honor.
4  They had mentioned in Chambers that the -- Johnny corporate
5  defendants as well as the bank can only sell through agents
6  because they're not in business of selling sweaters at all.
7  So yes, it's exclusive in the sense that we're not going to
8  pull out and wholesale [inaudible] rep to sell the stuff but
9  there will be agents involved [inaudible] bank and also --
10          THE COURT:  So you're saying that if your clients or
11 the factor BHA sell the goods themselves they'll retain an
12 agent to assist them in that but do I understand correctly
13 that plaintiffs will still get the agreed upon commission to
14 te extent it's applicable?
15          MR. LAZARUS:  Yes, that's a hundred percent correct.
16          THE COURT:  And you agree, Mr. Faust?
17          MR. FAUST:  Yes, Your Honor.
18          THE COURT:  Mr. Kornfeld, do you have anything to
19 add?
20          MR. KORNFELD:  Nothing to add, Your Honor.
21          THE COURT:  Let me begin then with Mr. Gelder.  If
22 you could just pull the microphone closer to you.  Mr. Gelder,
23 you are not personally a plaintiff or a defendant in this
24 action but you are here as a representative of Fashion Group,
25 LLC, Fungyun, Inc. and NYC Alliance Company, LLC; is that

```
 1  correct?
 2          MR. GELDER:  That is correct.
 3          THE COURT:  What is your position with those
 4  entities?
 5          MR. GELDER:  The chief operating officer.
 6          THE COURT:  With respect to all of them?
 7          MR. GELDER:  For NYC Alliance.
 8          THE COURT:  Are you authorized to negotiate and
 9  settle on behalf of all three of them?
10          MR. GELDER:  Yes, I am.
11          THE COURT:  Very well.  Did you hear and do you
12  understand the material terms of the proposed settlement
13  placed on the record by counsel?
14          MR. GELDER:  Yes, I do.
15          THE COURT:  On behalf of Fashion Group, LLC, do you
16  agree to settle this case on those terms?
17          MR. GELDER:  Yes, I do.
18          THE COURT:  On behalf of Fungyun, Inc., do you agree
19  to settle this case on those terms?
20          MR. GELDER:  Yes, I do.
21          THE COURT:  On behalf of NYC Alliance Company, LLC,
22  do you agree to settle this case on those terms?
23          MR. GELDER:  Yes, I do.
24          THE COURT:  Do you understand that although the
25  terms have not yet been reduced to a formal written settlement
```

```
 1  agreement you on behalf of those three corporate entities are
 2  entering into a binding and enforceable contract of settlement
 3  this afternoon?
 4          MR. GELDER:  Yes, I do.
 5          THE COURT:  Thank you very much.  Let me now turn to
 6  the Johnny's entities.  That would be Mr. Sajnani speaking for
 7  those entities; correct?
 8          MR. SAJNANI:  Yes.
 9          THE COURT:  So just step forward right where you are
10  is perfect so I can hear you.  You are Deepak Sajnani, also
11  known as Johnny Sajnani?
12          MR. SAJNANI:  Correct.
13          THE COURT:  And you are individually a defendant in
14  this case and you are also I take a principal of Johnny's
15  Signature, Inc. and Johnny's Signature International, Inc.
16          MR. SAJNANI:  Yes, ma'am.
17          THE COURT:  What is your position with those two
18  companies?
19          MR. SAJNANI:  I'm the president and the owner of the
20  company.
21          THE COURT:  Both of them?
22          MR. SAJNANI:  Yes, ma'am.
23          THE COURT:  So you're authorized to enter into a
24  settlement agreement on their behalf?
25          MR. SAJNANI:  Yes, ma'am.
```

```
 1              THE COURT:  All right.  Did you hear and understand
 2   the material terms of the settlement placed on the record by
 3   counsel?
 4              MR. SAJNANI:  Yes, I do, ma'am.
 5              THE COURT:  On behalf of yourself, Mr. Sajnani, do
 6   you agree to settle this case on those terms?
 7              MR. SAJNANI:  Yes, I do, ma'am.
 8              THE COURT:  Do you need some water?
 9              MR. SAJNANI:  No, I'm okay.
10              THE COURT:  You're okay.  On behalf of Johnny's
11   Signature, Inc., do you agree to settle this case on those
12   terms?
13              MR. SAJNANI:  Yes, I do, ma'am.
14              THE COURT:  And on behalf of Johnny's Signature
15   International, Inc., do you agree to settle this case on those
16   terms?
17              MR. SAJNANI:  Yes, I do, ma'am.
18              THE COURT:  Do you understand that although the
19   lawyers have not yet prepared formal written settlement
20   documentation you are entering into an enforceable and binding
21   settlement agreement this afternoon?
22              MR. SAJNANI:  Yes, I do, ma'am.
23              THE COURT:  Thank you very much.  Let's go to the
24   Bilco entities.  That would be Mr. Chen.
25              MR. CHEN:  Yes.
```

1  THE COURT: You are Burton Chen also known as Billy
2  Chen?
3  MR. CHEN: Yes. Burton Chen actually my son.
4  THE COURT: You are then Billy Chen incorrectly
5  named as Burton Chen?
6  MR. CHEN: No. They put it on the case. So I don't
7  know.
8  THE COURT: Are you here as an individual defendant
9  in this action and as a representative of the Bilco entities?
10  MR. CHEN: Yes.
11  THE COURT: Very well. What is your position at
12  Bilco Import and Export, Inc.?
13  MR. CHEN: President.
14  THE COURT: What is your position at Bilco
15  Industries, Inc.?
16  MR. CHEN: President.
17  THE COURT: Are you therefore authorized to settle
18  this case on their behalf?
19  MR. CHEN: Yes.
20  THE COURT: Did you hear and do you understand the
21  material terms of the settlement placed on the record by
22  counsel?
23  MR. CHEN: Yes.
24  THE COURT: On behalf of Bilco Import and Export, do
25  you agree to settle this case on those terms?

1           MR. CHEN:  Yes.
2           THE COURT:  On behalf of Bilco Industries, Inc., do
3  you agree to settle this case on those terms?
4           MR. CHEN:  Yes.
5           THE COURT:  On behalf of yourself do you agree to
6  settle this case on those terms?
7           MR. CHEN:  Yes.
8           THE COURT:  Do you also recognize that although the
9  formal written agreement has not yet been prepared you're
10 entering into a binding contract of settlement this afternoon?
11          MR. CHEN:  Yes.
12          THE COURT:  Thank you very much.  That leaves Mr.
13 Lau and Double Top International.  Step up, Mr. Lau.
14          MR. LAU:  Yes.
15          THE COURT:  You are Jerry Lau?
16          MR. LAU:  Yes.
17          THE COURT:  Are you also here on behalf of Double
18 Top International, Inc.?
19          MR. LAU:  President.
20          THE COURT:  You are the president of Double Top?
21          MR. LAU:  Yeah.
22          THE COURT:  Did you hear and understand the material
23 terms of the settlement placed on the record by counsel?
24          MR. LAU:  Yes, I do.
25          THE COURT:  Are you authorized to settle this case

```
 1  on behalf of Double Top?
 2              MR. LAU:  Yes.
 3              THE COURT:  On behalf of Double Top, do you agree to
 4  settle this case on those terms?
 5              MR. LAU:  Yes.
 6              THE COURT:  And on behalf of yourself, do you agree
 7  to settle this case on those terms?
 8              MR. LAU:  Yes.
 9              THE COURT:  Do you recognize that -- do you
10  acknowledge that although there is not yet a formal written
11  document you are entering into a binding agreement?
12              MR. LAU:  Yes.
13              THE COURT:  Thank you very much.  You may be seated.
14              Gentlemen, I believe that concludes our business
15  this evening.  Either I or Judge Garaufis will issue in all
16  likelihood a 30 day dismissal order.  If you need more than 30
17  days to get your settlement documentation finalized and a
18  stipulation of settlement filed don't wait until the last day.
19  Ask for an extension as soon as you know you need it.
20              Any questions?
21              MR. FAUST:  None, Your Honor.
22              THE COURT:  We'll be adjourned.  Thank you.
23              MR. FAUST:  Thank you.
24              MR. KORNFELD:  Your Honor, thank you.  I do as
25  counsel did I want to thank the Court, the Court's staff for
```

1  all of the assistance and courtesies.
2                      * * * * *
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1   I certify that the foregoing is a court transcript from
2 an electronic sound recording of the proceedings in the above-
3 entitled matter.
4
5                        *Shari Riemer*
6                        Shari Riemer, CET-805
7 Dated:   October 31, 2019